```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————

JOSE DE JESUS GRULLON,

                Plaintiff,

    -v-

CITIGROUP – EXECUTIVE PLANNING CENTER,

                Defendant.

————————————————————————————

Case No. 07-CV-3224 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On April 23, 2007, Plaintiff Jose de Jesus Grullon filed this employment discrimination

action against Defendant Citigroup – Executive Planning Center ("Citigroup"). The Complaint

alleges that Citigroup discriminated against Plaintiff on the basis of Plaintiff's race and religion

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Complaint further

alleges that Citigroup failed to accommodate Plaintiff's various disabilities, including "asthma,

strong headaches, acute pain in back and chest, [and] serious skin conditions," in violation of the

Americans with Disabilities Act of 1990 ("ADA").

On August 6, 2007, this case was reassigned to this Court.[1]  Shortly after the case was

reassigned, Citigroup sent to the Court a letter requesting a pre-motion conference on its

proposed motion to dismiss. Pursuant to this Court's Rules of Individual Practice, Plaintiff was

required to respond to Citigroup's pre-motion conference request within three days. Plaintiff,

however, failed to respond. On September 19, 2007, the Court scheduled a pre-motion

———————————————

[1] This case was initially managed by Magistrate Judge George A. Yanthis pursuant to the
Standing Order of Chief Judge Kimba M. Wood dated April 23, 2007. (Dkt. No. 3.)

conference for September 28, 2007 to discuss Defendant's proposed motion. Plaintiff, however,

failed to appear for the conference. Prompted by Plaintiff's failure to answer Defendant's letter

and failure to appear before the Court for the September 28, 2007 conference, the Court issued an

Order to Show Cause on October 1, 2007 demanding that Plaintiff appear before the Court on

November 2, 2007 to show cause why the Court should not dismiss Plaintiff's case for failure to

prosecute. Plaintiff appeared at the November 2, 2007 conference. Although Plaintiff clearly

reads, writes, and understands English (his Complaint includes a lengthy English-language

narrative of his disputes with Citigroup), Plaintiff asked for assistance from a Spanish-language

interpreter during the conference. Thus, out of an abundance of caution and in Plaintiff's

presence, the Court postponed the conference until November 7, 2007, and arranged for a

Spanish-language interpreter to assist Plaintiff at the rescheduled conference. Again, however,

Plaintiff failed to appear at the rescheduled conference. As a result of Plaintiff's failure to

comply with the Court's various scheduling orders, the Court granted Citigroup permission to

proceed with its Motion to Dismiss, which Citigroup filed on November 16, 2007.[2]

    To date, Plaintiff has not responded to Citigroup's Motion. On April 1, 2008, four-and-a-

---

[2]Defendant's Motion to Dismiss argues that Plaintiff's claim is time barred because he filed a charge of discrimination with the EEOC more than 300 days after his termination by Citigroup. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2) (noting that a charge with the EEOC must be filed within 300 days of the alleged discriminatory action); *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004) (same). The filing deadline for a charge of discrimination acts as a "statute of limitations" and a failure to timely file a charge acts as a bar to a plaintiff's action. *See Hill*, 312 F. Supp. 2d at 472. Because the Court has not had the benefit of Plaintiff's version of events, the Court will refrain from deciding this case on the merits. However, the Court observes that the Right to Sue letter issued to Plaintiff states that the EEOC received Plaintiff's charge of discrimination on January 9, 2007 – 345 days after Plaintiff was dismissed by Citigroup. (Certification of David H. Ganz in Supp. of Def.'s Mot. to Dismiss on Untimeliness Grounds, Ex. C; Compl. 3.) This 345-day gap – if accurate – would be sufficient to bar Plaintiff's claim.

half months after Citigroup filed its Motion, the Court issued an Order demanding that Plaintiff

respond to the Motion within forty-five days or risk dismissal of his Complaint on grounds of

untimeliness and/or for failure to prosecute. The forty-five day window has now elapsed.

Further, over six months have passed since Defendant filed its Motion to Dismiss, and the Court

still has not received a response from Plaintiff.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P.

41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

involuntarily dismissed "if the plaintiff fails to prosecute or to comply with these rules or a court

order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to

dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute *sua sponte*. *See Levinson v. Primedia Inc.*, No. 02-

CV-2222, 2007 WL 2298406, at *14 (S.D.N.Y. Aug. 9, 2007) (citing *LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts,

*see U.S. ex rel. Roundtree v. Health and Hosps. Police Dep't of N.Y.*, No. 06-CV-212, 2007 WL

1428428, at *1 n.7 (S.D.N.Y. May 14, 2007), the Second Circuit has stated that a Rule 41(b)

dismissal is "'a harsh remedy to be utilized only in extreme situations,'" *see LeSane*, 239 F.3d at

209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second

Circuit has further cautioned that *"pro se* plaintiffs should be granted special leniency regarding

procedural matters," *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

1996)), and "should be afforded every reasonable opportunity to demonstrate that [they have] a

valid claim," *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). In this regard, dismissal for

failure to prosecute in cases involving *pro se* litigants should only be granted "when the

circumstances are sufficiently extreme." *Lucas,* 84 F.3d at 535.

Before exercising its discretionary power, a district court must consider various factors,

including: "'[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice

that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced

by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between

alleviating court calendar congestion and protecting a party's right to due process and a fair

chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser

sanctions.'" *Wood v. City of New York*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y.

July 13, 2007) (quoting *LeSane*, 239 F.3d at 209) (alterations in original). No single factor is

dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In light of Plaintiff's prolonged inactivity and apparent abandonment of his claims, this

Court concludes that these factors weigh in favor of dismissal. Plaintiff has made no progress

with the case: he has failed to appear at scheduled hearings; he has failed to respond to

Citigroup's Motion to Dismiss; and he has failed to respond to specific orders from this Court.

More than six months have passed since Citigroup filed its Motion to Dismiss, and Plaintiff has

yet to respond. Accordingly, Plaintiff's case is dismissed for failure to prosecute. *See Antonio v.

Beckford,* No. 05-CV-2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (dismissing case

for failure to prosecute four months after plaintiff failed to respond to a court order); *Deptola v.

Doe*, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for

failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling

conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.,* No. 01-CV-3417, 2002 WL 1770813, at

*2-4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after

4

plaintiff failed to respond to a court order); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . action at all" for three months).

The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 16) and close this case.

SO ORDERED.

Dated:        May 21, 2008
              White Plains, New York

                                                  KENNETH M. KARAS
                                                  UNITED STATES DISTRICT JUDGE

Service List:

Jose De Jesus Grullon
90 Beekman Avenue Apt.#3E
SleepyHollow, NY 10591
(914) 730-8000
*Pro Se Plaintiff*

Steven Gerber, Esq.
Adorno & Yoss, LLP
155 Willowbrook Boulevard
Wayne, NJ 07470
(973) 256-9000
Fax: (973) 256-9001
Email: sgerber@adorno.com
*Counsel for Defendant*

David H. Ganz, Esq.
Adorno & Yoss, LLP
155 Willowbrook Boulevard
Wayne, NJ 07470
(973) 256-9000
Fax: (973) 256-9001
Email: dganz@adorno.com
*Counsel for Defendant*